J C PENNEY CASUALTY INSURANCE COMPANY v MICHIGAN
CATASTROPHIC CLAIMS ASSOCIATION

Docket No. 105202. Submitted January 10, 1989, at Detroit. Decided
June 7, 1989. Leave to appeal applied for.

Andrea Craver, an Ohio resident, sustained crippling injuries in a
one-car accident which occurred in Michigan. The automobile,
in which Craver was riding as a passenger, was registered in
Ohio and was being operated by another Ohio resident. J.C.
Penney Casualty Insurance Company, Cravers' father's automo-
bile insurer in Ohio, paid benefits pursuant to Michigan's no-
fault act to Craver. When the benefits exceeded $250,000, J.C.
Penney filed with the Michigan Catastrophic Claims Associa-
tion a claim for reimbursement of benefits paid in excess of
$250,000. The mcca denied the claim. J.C. Penney brought an
action in Wayne Circuit Court seeking declaratory relief
against the mcca. The court, Sharon Tevis Finch, J., granted
summary disposition in favor of defendant and dismissed the
action. Plaintiff appealed.

The Court of Appeals *held:*

The no-fault act requires each insurer engaged in writing no-
fault insurance coverage within the State of Michigan for
motor vehicles required to be registered in Michigan to be a
member of the mcca and pay the mcca a premium based in
part on the average premiums collected by the insurer from its
insureds. The act requires the mcca to provide one hundred
percent reimbursement for member insurers' losses in excess of
$250,000 in each loss occurrence. In this case, plaintiff has
never written an automobile insurance policy issued to a Michi-
gan resident on a vehicle registered in Michigan. Plaintiff is
therefore not a member of the mcca and cannot claim reim-
bursement by the mcca for its excess losses.

Affirmed.

1. INSURANCE — NO-FAULT — MICHIGAN CATASTROPHIC CLAIMS ASSO-
CIATION.

The no-fault act requires each insurer engaged in writing no-fault

REFERENCES

Am Jur 2d, Automobile Insurance §§ 351 *et seq.*
See the Index to Annotations under No-Fault Insurance.

insurance coverage within the State of Michigan to be a member of the Michigan Catastrophic Claims Association and pay to the association a premium based in part on the average premium collected by the insurer from its insureds (MCL 500.3104[1] and [7][d]; MSA 24.13104[1] and [7][d]).

2. INSURANCE — NO-FAULT — MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION.

An insurer which is a member of the Michigan Catastrophic Claims Association is entitled under the no-fault act to one hundred percent reimbursement from the association for no-fault benefits paid in excess of $250,000 for any one occurrence (MCL 500.3104[1] and [2]; MSA 24.13104[1] and [2]).

3. INSURANCE — NO-FAULT — MICHIGAN CATASTROPHIC CLAIMS ASSOCIATION.

An insurer which is not engaged in writing no-fault insurance coverage within the State of Michigan is not entitled to reimbursement by the Michigan Catastrophic Claims Association for no-fault benefits paid in excess of $250,000 to or on behalf of a nonresident insured injured within the State of Michigan.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.* (by *Robert E. Eggenberger*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young, Kathleen McCree Lewis* and *Marybeth Targett*), for defendant.

Before: MURPHY, P.J., and MACKENZIE and REILLY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant Michigan Catastrophic Claims Association. The sole issue is whether plaintiff, an insurer which has never written no-fault automobile insurance coverage in the State of Michigan, is entitled to reimbursement from the catastrophic claims fund for no-fault benefits in excess of $250,000 paid to or on behalf of a nonresident insured injured within the State of Michigan. We hold that

plaintiff is not entitled to such reimbursement and affirm.

Andrea Craver was rendered a quadriplegic in a one-car accident which occurred in Michigan. Craver, who is an Ohio resident, was riding with another Ohio resident in a car registered in the State of Ohio.

Plaintiff had issued a policy of insurance to Craver's father, an Ohio resident, insuring Ohio registered vehicles. After the accident, Craver filed a claim with plaintiff under her father's Ohio policy for benefits under Michigan's automobile no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Pursuant to § 3163 of the act, plaintiff was obligated to provide no-fault benefits to its out-of-state insureds injured within the state of Michigan. Accordingly, plaintiff paid no-fault insurance benefits to Craver. When the no-fault benefits paid approached $250,000, plaintiff filed with defendant MCCA a claim under the catastrophic claims statute, MCL 500.3104; MSA 24.13104, for reimbursement of benefits paid in excess of $250,000. Defendant denied the claim. This declaratory judgment action followed.

The MCCA is a nonprofit association which must provide one hundred percent indemnification for members' losses in excess of $250,000 in each loss occurrence. MCL 500.3104(1) and (2); MSA 24.13104(1) and (2). Membership in the MCCA is determined as follows:

> Each insurer *engaged in writing* insurance coverages which provide the security required by section 3101(1) *within this state,* as a condition of its authority to transact insurance in this state, shall be a member of the association and shall be bound by the plan of operation of the association. [MCL 500.3104(1); MSA 24.13104(1). Emphasis added.]

The security required by section 3101(1) is a policy of no-fault insurance on a motor vehicle required to be registered in Michigan. MCL 500.3101(1) and (3); MSA 24.13101(1) and (3).

The MCCA's expenses are funded through a premium charged to members. MCL 500.3104(7)(d); MSA 24.13104(7)(d). The premium charged to each member of the MCCA is assessed as follows:

> Each member shall be charged an amount equal to that member's total earned car years of insurance providing the *security required by section 3101(1) . . . written in this state* during the period to which the premium applies, multiplied by the average premium per car. The average premium per car shall be the total premium calculated divided by the total earned car years of insurance providing the *security required by section 3101(1) . . . written in this state* of all members during the period to which the premium applies. [MCL 500.3104(7)(d); MSA 24.13104(7)(d). Emphasis added.]

At all times pertinent to this case, plaintiff was authorized to write automobile insurance coverage in Michigan. However, plaintiff has never written an automobile insurance policy issued to a Michigan resident on a vehicle registered in the State of Michigan.

On these facts, we agree with the trial court's conclusion that plaintiff was not entitled to reimbursement out of the fund. Plaintiff in this case has never issued a no-fault insurance policy on a vehicle registered in Michigan and thus is not "engaged in writing" no-fault automobile insurance coverage in Michigan, a prerequisite to membership in the MCCA. Furthermore, plaintiff has never paid any premium to the MCCA and the MCCA has no way to calculate a premium for

plaintiff, since premiums are based on policies written in Michigan. Since plaintiff does not write policies in this state plaintiff cannot be a member insurer of the MCCA entitled to reimbursement from the fund.

Affirmed.